UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Beck,** | Civil No. 04-0686 (PJS/SRN) |
| **Plaintiff,** | |
| v. | <u>**REPORT AND RECOMMENDATION**</u> |
| **Worlali M. Nutakor, Ayodele Ayedun, and Jane Doe,** | |
| **Defendants.** | |

___

Beck, <u>pro se</u>, Minnesota Correctional Facility, 5329 Osgood Avenue North, Stillwater, Minnesota 55082

Mark B. Levinger, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, Minnesota 55101, for Defendants

___

SUSAN RICHARD NELSON, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge pursuant to a dismissal of Plaintiff Beck's appeal by the Eighth Circuit Court of Appeals (Doc. No. 138). This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that Plaintiff's claims against Defendants Worlali M. Nutakor, Ayodele Ayedun, and Jane Doe be dismissed without prejudice.

**I.   BACKGROUND**

In this 42 U.S.C. § 1983 action, Plaintiff Beck originally brought suit against sixteen state and prison officials. On May 24, 2004, six defendants were dismissed pursuant to 28 U.S.C. § 1915A(b). The Honorable Michael J. Davis dismissed an additional seven defendants on August 29, 2006. Plaintiff appealed Judge Davis's order to the Eighth Circuit Court of Appeals

on September 6, 2006.

On September 28, 2006, Magistrate Judge Jeanne Graham, who was then assigned to the case, issued an order to show cause why Plaintiff's claims against the remaining two named Defendants, Worlali M. Nutakor and Ayodele Ayedun, should not be dismissed in accordance with Federal Rule of Civil Procedure 4(m)[1] for failure to serve process or under Federal Rule of Civil Procedure 41(b) for failure to prosecute.[2] Magistrate Judge Graham observed that the record did not reflect that those two Defendants were ever served or otherwise notified of this action. She instructed Plaintiff to file an affidavit showing cause why his claims against Defendants Nutakor and Ayedun should not be dismissed, and warned that failure to comply "may result in summary dismissal of this matter in its entirety." (Order, Oct. 3, 2006, at 2; Doc. No. 127.) The Order did not address Defendant Jane Doe.

Beck timely filed an affidavit in response to Magistrate Judge Graham's order on October 12, 2006. Because Judge Davis's order of partial dismissal was on appeal, however, the court file was sent to the Eighth Circuit on October 27, 2006, before the service of process issue was

---

[1] Rule 4(m) provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[2] Magistrate Judge Graham noted that she retained jurisdiction pursuant to Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004), to address the deficient service of process because the appeal did not involve that issue.

resolved. After the Eighth Circuit dismissed the appeal for lack of jurisdiction on January 16, 2008, the court file was returned on January 31, 2008. This Court will now examine Plaintiff's affidavit to determine whether he has provided adequate proof of service of process on Defendants Nutakor and Ayedun or otherwise shown cause why his claims against these two defendants should not be dismissed. The Court will also address Plaintiff's failure to either identify or serve Defendant Doe.

## II.    DISCUSSION

### A.    Defendants Nutakor and Ayedun

In Plaintiff's affidavit, he concedes that Defendants Nutakor and Ayedun have not been served. (Beck Aff., Oct. 8, 2006, at 2; Doc. No. 129.) Nevertheless, he asserts that his in forma pauperis (IFP) status places any responsibility for deficient service of process with the Marshals Service.

When Plaintiff was granted IFP status, he was instructed to provide one properly completed USM-285 form for each defendant to be served. The USM-285 form for Defendant Ayedun shows that Plaintiff provided an address of 1711 County Road B, #208N, Roseville, Minnesota, 55113. (Doc. No. 42.) In the same handwriting, presumably Plaintiff's, special instructions read: "Above would have any forwarding address." (Id.) This instruction indicates that Plaintiff did not have Defendant Ayedun's current address, and that he expected the Marshals Service to obtain the correct address from the address he provided. In the "Remarks" area of the form, a deputy marshal indicated that Defendant Ayedun could not be located at the given address and that Defendant Ayedun had moved out of state. (Id.) It is well-established that an IFP plaintiff must provide correct addresses for service to the Marshals Service. E.g.,

Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993). Plaintiff was warned by Magistrate Judge Graham in September 2006 that Defendant Ayedun had not been served and that he risked dismissal as a result. Considering that Plaintiff admittedly knew that the address he had provided for Defendant Ayedun was incorrect, Magistrate Judge Graham's order was sufficient to put Plaintiff on notice that he needed to provide a current address in order for the Marshals Service to effect service of process. Therefore, his attempt to show cause by rationalizing that the Marshals Service was responsible for the failure to serve Defendant Ayedun is unavailing. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's claims against Defendant Ayedun should be dismissed without prejudice.

On the USM-285 form for Defendant Nutakor, Plaintiff provided an address of 1711 County Road B, #208N, Roseville, Minnesota, 55113. (Doc. No. 42.) Again, Plaintiff wrote, "Above would have any forwarding address." (Id.) Apparently, the Marshals Service attempted service by mail, but the address given by Plaintiff was incorrect. (Id.) Markings on the envelope indicate that it was forwarded to an address in Maplewood, Minnesota, but the forwarding address had expired, and the mail was returned to the sender. (Id.) Although it was Plaintiff's responsibility to provide a correct address for Defendant Nutakor, he indicated that the mail would probably need to be forwarded and that he expected the Marshals Service to obtain the proper address. As with Defendant Ayedun, Plaintiff was later put on notice by Magistrate Judge Graham's order that service had not been effected. Plaintiff neither complied with the order to show cause nor provided a current address for Defendant Nutakor. Consequently, his claims against Defendant Nutakor should be dismissed without prejudice under Rule 4(m).

### B.  Defendant Doe

On the USM-285 form for Defendant Doe, Plaintiff noted that Defendant Doe was a nurse at the Minnesota Correctional Facility in Oak Park Heights, Minnesota, and that her supervisor was Kathy Reid.  (Doc. No. 42.)  The Marshals Service did attempt to serve Defendant Doe, but the deputy marshal was unable to find such a person at the prison.  (Id.)  Plaintiff's attempted service of process on Defendant Doe was therefore ineffective because Plaintiff failed to provide a correct name for that defendant.  Plaintiff must not only provide a correct address for a defendant to be served by the Marshals Service; he must also provide a correct name.

The discovery deadline in this case has long since passed, and Plaintiff has failed to provide Defendant Doe's real name or otherwise perfect service of process.  Accordingly, Plaintiff's claims against Defendant Doe are subject to dismissal without prejudice under Rule 4(m).  See Brown v. City of Bloomington, 280 F. Supp. 2d 889, 892 (D. Minn. 2003) (Ericksen, J.)  Because the Court is acting on its own initiative, however, rather than by motion, Plaintiff's claims may be dismissed only after giving Plaintiff notice of the potential sanction.  See Fed. R. Civ. P. 4(m).  Plaintiff is hereby put on notice that his claims against Defendant Doe may be dismissed for failure to timely serve her unless he shows cause why Defendant Doe should not be dismissed.  Plaintiff will have an opportunity to show cause in any objections he might file to this Report and Recommendation.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendants Worlali M. Nutakor, Ayodele

Ayedun, and Jane Doe be **DISMISSED WITHOUT PREJUDICE**.


Dated: February 6, 2008

                                                  s/ Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 21, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.